McMILLEN v. CITY OF MART.
(Court of Civil Appeals of Texas. Austin. June 5, 1912.)

CONTRACTS  (§  198*)—SUBJECT-MATTER—
 "STRUCTURE"—DAM.

Plaintiff bid a certain price per cubic yard for the construction of an earthen dam according to specifications defining the dam as an earthen "structure," and which used the word "structure" in defining the elevation and slope of the work to refer only to the dam as such, and which also provided that the contractor should excavate the earth at one end of the dam to form a spillway, placing the earth taken from the spillway into the dam, and which further provided that the contractor should make his bid cover a price per cubic yard for all work put in the structure. *Held*, that the word "structure" did not include the spillway, but that, as the contractor by placing the material taken therefrom into the dam would not lose anything, he was not entitled to recover for excavating the spillway.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 861–877, 879–883; Dec. Dig. § 198.*

For other definitions, see Words and Phrases, vol. 7, pp. 6700–6702; vol. 8, p. 7806.]

Error from District Court, McLennan County; Marshall Surratt, Judge.

Action by F. W. McMillen against the City of Mart. Judgment for plaintiff, and he brings error. Affirmed.

Sleeper, Boynton & Kendall, of Waco, for plaintiff in error. Scott, Sanford & Ross, of Waco, and E. M. Mann, of Mart, for defendant in error.

KEY, C. J. F. W. McMillen brought this suit against the city of Mart, seeking to recover $1,802.50, alleged to be the balance due him for the construction of a dam for that municipality. The defendant admitted its liability for $127.12, but denied any further liability. There was a trial without a jury, which resulted in a judgment for the plaintiff for the latter sum and no more, and he has brought the case to this court by writ of error, and concedes that the only question for decision is whether or not, under the contract between him and the city, which contract is embodied in the specifications and his accepted bid, he is entitled to pay at the contract price for earth excavated from the spillway, which, by the terms of the contract, he was required to construct.

The trial court filed the following findings of fact, which are conceded to be correct:

"Findings of Fact.

"I find that April 22, 1909, the plaintiff entered into a contract with the defendant to erect for the latter an earthen dam, in accordance with plans and specifications furnished (a copy of which, so far as the same affect the questions involved herein, and of plaintiff's bid, are hereto attached and made a part hereof) at an agreed price of 15 cents per cubic yard, and the plaintiff constructed said dam in all respects in accordance with said plans and specifications (except as changed by agreement hereinafter shown) placing therein 16,180.8 cubic yards of dirt, which at 15 cents per cubic yard amounts to $2,427.12, of which amount the defendant paid the plaintiff $2,300, and since the institution of this suit has tendered into court the remaining $127.12.

"By one paragraph of the specifications

the plaintiff was required to excavate the earth from the east end of the dam to form a spillway, using the earth so taken out in the construction of the dam, requiring the spillway to be brought to the grade shown on the plans, and the plaintiff contends that he should receive compensation at the rate of 15 cents per cubic yard for all dirt removed from this spillway in addition to all that put in the dam. Before the dam was completed, there was an agreement made between the defendant, through its mayor, and plaintiff, that plaintiff should build the dam one foot higher than called for in the plans and specifications, and should leave the bottom of the spillway two feet higher; in other words, should not excavate the spillway to the depth called for in the plans and specifications by two feet, and that, in consideration of not being required to excavate these two feet, he would make no charge for the extra foot placed upon the top of the dam, and the dam was completed one foot higher than called for in the contract, and the bottom of the spillway left two feet higher than was called for. The plaintiff excavated from the spillway 9,478 cubic yards of dirt, which at 15 cents per cubic yard amounts to $1,421.70, and the question for determination is: Is he entitled to recover for the dirt so excavated in addition to that put in the dam?

The defendant's engineers prepared the plans and specifications, and also prepared a blank form of bid attached to the specifications, upon which the bidder was required to make his bid to do the work, the whole to become a contract when accepted by the defendant, and plaintiff's bid was made upon such copy so furnished to him."

"Hon. Mayor and City Council, Mart, Texas—Gentlemen: I hereby propose to furnish all labor and material and construct the earthen dam to be located about (4) four miles west of the city of Mart, Texas, in accordance with the plans and specifications furnished by the O'Neil Engineering Company, of Dallas, Texas, and complete said dam in strict accordance with said plans and specifications for the sum of fifteen (15) cents per cu. yd. I agree to give a solvent bond in the sum of one thousand ($1,000) dollars which said bond shall provide for the faithful performance of this contract. I further agree to commence the operation of said work on or before May 1, 1909, and complete same in forty-five (45) working days. I further agree that I will turn over to the city of Mart, Texas, a release from all material, men and labor, for all material or labor used in the construction of this dam before final payment shall be made. An acceptance of this proposal shall constitute a contract between myself and the city of Mart, Texas. The plans and specifications for this work are attached to this proposal and made a part hereof. F. W. McMillen.

April 22, 1909. Accepted: R. W. Bass, Mayor of the City of Mart, Texas."

Specifications, covering construction of an earthen dam to be built for the city of Mart, Tex.:

"This dam will be an earthern structure and will be constructed of earth and soil found in the immediate vicinity. Location: The location of this dam is about four (4) miles west of the town of Mart, near the tracks of the I. & G. N. Railroad, the exact location of which is shown by engineer's stakes. The structure will be built from elevation 485 to 511 and will have slope on the upper or water side of 2 to 1, and on the lower side of 1½ to 1.

"General description of the work:

"After the work has been staked out by the engineer, the top soil shall be thoroughly plowed and scarified, and all vegetable matter, roots and stumps, etc., shall be entirely removed from the area of the work. This entire site of the dam shall be cleaned off to the satisfaction of the engineer before any material is placed.

"Core wall: A clay or shale wall shall be constructed the entire length of the dam. The contractor shall first excavate the valley across the entire dam, which shall go down and into the shale a distance of at least two feet. It is estimated that this will require an excavation of about six feet below the present surface of the ground. This excavation may be taken out with slips or wheelers, and shall be ten feet wide at the top of the trench. Sides may slope into a five foot width at the bottom of the trench. This trench shall then be filled with clay or shale and shall be thoroughly puddled to form compact mixture. The earth used in the filling of this core shall be of such soil as can be found in the immediate vicinity, and shall be approved by the engineer in charge. This clay core shall be carried up in advance of the dam at least two feet higher than the earth fill on either side of the core. Contractor must exercise care throughout the work to see that this central core of clay is carried up in advance of the work surrounding, or until the finished height is reached.

"All earth used in building this dam shall be taken from the upstream side as far as possible, and no excavation shall be made nearer than 50' to the toe of the dam. The earth hauled in for the building of this structure shall be dumped and spread as evenly as possible in thin layers, building up the dam in continuous layers from end to end of the work. It shall be deposited in such manner that each load of material will be hauled over as far as possible the material previously dumped.

"The above described in a general way the work to be done in the construction of this dam. The finished structure shall be finished up neat and true, the top made level

and the sides dressed to an even slope as called for and shown on plans.

"Spillway: Contractor will be required to excavate the earth from the east end of the dam as shown on plans, to form a spillway, using the earth so taken out in the construction of the dam. This spillway must be brought to the grade shown and will require approximately a 6′ cut on the east edge of the spillway.

"There will be no paving or other material required by the contractor except to grade this spillway out as shown on plans. It is estimated that there will be 22,500 cubic yards of material in this structure. Contractor should make his bids to cover a price per cubic yard for all work put in structure, to be measured after completion."

### Opinion.

The learned trial judge also filed conclusions of law, and they are so satisfactory that we have concluded to adopt them as our opinion upon the question of law presented for decision. They read as follows:

### "Conclusions of Law.

"The rights of the plaintiff depend upon a proper construction of the contract between the plaintiff and the defendant for the erection of said dam. The bid, which forms a part of the contract, reads: 'I hereby propose to furnish all labor and material and construct the earthen dam * * * in accordance with the plans and specifications furnished * * * for the sum of 15 cents per cubic yard.' And the contention of the plaintiff is that bids should be made to cover the price per cubic yard for all work put in the 'structure,' that the structure mentioned was both the dam and the spillway, and the plaintiff's right to recover depends upon the construction or meaning of the word 'structure' in the connection in which it is used in the contract. It will be observed that the bid which was prepared by defendant's engineers and attached to a copy of the specifications calls for the construction of an earthen dam only, and that in the specifications the paragraph under which plaintiff claims reads that 'the contractor should make his bid to cover a price per cubic yard for all work put in structure.' The words 'dam' and 'structure' are terms of well-known signification, and the question is: Does this contract use the words synonymously, or was it intended that the word 'structure' should mean more than the dam; that is, both the dam and spillway? In the first paragraph of the specifications, this language

is used: 'This dam will be an earthen structure and will be constructed of earth and soil found in the immediate vicinity.' The third paragraph reads: 'The structure will be built from elevation 485 to 511 (which according to the plan gave the elevation of the dam only) and will have slope on the upper or water side of 2 to 1, and on the lower side of 1½ to 1.' Another paragraph reads: 'All earth used in building this dam shall be taken from the upstream side as far as possible, and no excavation shall be made nearer than 50 feet to the toe of the dam. The earth hauled in for the building of this structure shall be dumped and spread as evenly as possible in thin layers, building up the dam in continuous layers from end to end of the work. It shall be deposited in such manner that each load of material will be hauled over as far as possible the material previously dumped.' Again: 'Contractor should make his bid to cover a price per cubic yard for all work put in structure, to be measured after completion.'

"It occurs to me that the words 'structure' and 'dam' in this contract were used as shown upon the face of the contract to mean simply the dam. It will be noted in the first paragraph it states that this 'dam' will be an 'earthen structure,' and that, as will be noted throughout the contract, the word 'structure' is used in such a way as to apply exclusively to and to mean the same thing as 'dam.' For instance, 'the structure will be built from elevation 485 to 511, and will have slope on the upper or water side of 2 to 1, and on the lower side of 1½ to 1.' This could not possibly apply to the spillway or any part of it, and is the exact specification, as shown by other places in the specifications, upon which the dam should be and was constructed. Hence I conclude that the word 'structure' did not include the spillway, and that in requiring the plaintiff to place the dirt taken from the spillway into the dam it was intended that he should not lose anything by excavating the spillway, but that the dirt taken therefrom should be placed in the dam, instead of being secured at some other place and put in the dam, and that it was not contemplated that plaintiff should be paid any sum for excavating the spillway, and hence that he is entitled to recover only the balance of the contract price for building the dam proper which has been tendered into court by defendant, namely, the sum of $127.12."

For the reasons stated, we hold that the trial court rendered the proper judgment, and that judgment is affirmed.

Affirmed.